OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Sean M. Flaim, from an entry of the Ohio Court of Claims granting summary judgment in favor of defendant-appellee, Medical College of Ohio ("MCO"), on appellant's claims for breach of contract, promissory estoppel and defamation. For the following reasons, we affirm.
 {¶ 2} Appellant began studies at MCO as a medical student in the fall of 1990. On October 10, 2001, appellant was arrested and charged with multiple criminal counts after a police search of his home revealed the presence of various illicit drugs, including LSD, Ecstasy, cocaine and marijuana, along with other chemical compounds, cash, a handgun and ammunition. (Tr. at 11-12; Patricia Metting Aff., ¶ 3.) By letter dated October 12, 2001, MCO's Executive Vice President, Provost and Associate Dean for Student Affairs, Amira Gohara, M.D., advised appellant that he was being suspended from patient care and educational responsibilities pursuant to MCO Policy Nos. 01-027 and 04-017. In the letter, Dean Gohara indicated that appellant had the right to request an immediate hearing with respect to his suspension. Appellant waited to request such a hearing until the conclusion of the criminal proceedings arising from his arrest.
 {¶ 3} In June 2002, appellant pled guilty to one count of attempted aggravated possession of drugs, a felony of the fourth degree, and was sentenced to two years of community control. (Tr. at 5-6.) Thereafter, appellant requested his disciplinary hearing, which occurred on June 28, 2002, before the Medical Student Conduct and Ethics Committee ("the committee"). Appellant's attorney accompanied him, though the attorney was not permitted to speak on appellant's behalf. Appellant offered his own statement and also answered questions from the committee members. Appellant admitted that he had possessed and used illegal drugs while attending medical school and did not dispute that he had been convicted of aggravated possession of drugs in connection with the October 2001 incident that had precipitated his suspension. He also admitted that he had sold drugs in the past (Tr. at 39) and volunteered that he had extensively promoted "rave" parties (Tr. at 19-20), including while enrolled at MCO (Tr. at 27), at which illicit drug use was common. (Tr. at 22.)
 {¶ 4} On July 9, 2002, appellant received a letter from Dean Gohara dismissing him from MCO. Specifically, the letter stated that the committee had recommended, and Dean Gohara had decided, to dismiss appellant for "violation of institutional standards of conduct." Following his dismissal, appellant instituted the within lawsuit in the Ohio Court of Claims. His pro se complaint contains seven separately enumerated claims, the first five of which assert causes of action for breach of contract; the sixth claim sounds in promissory estoppel and the seventh claim states a cause of action for defamation. On May 7, 2004, MCO filed a motion for summary judgment seeking judgment as a matter of law as to all of appellant's claims. On October 6, 2004, following full briefing, the trial court issued a decision and journalized an entry in which it granted MCO's motion for summary judgment and dismissed all of appellant's claims. Appellant timely appealed and asserts the following eight assignments of error for our review:
1. The trial court erred in finding that the Medical College of Ohio (hereinafter referred to as "MCO") contractually complied with its due process rules outlined in MCO due process policy 04-017.
2. The trial court erred in not distinguishing between an academic action resulting in dismissal and a disciplinary action resulting in dismissal.
3. The trial court erred in not considering Claim One.
4. The trial court erred in not considering Claim Two.
5. The trial court erred in not considering Claim Three.
6. The trial court erred in not considering Claim Four.
7. The trial court erred in not considering Claim Five.
8. The trial court erred in finding that there were no genuine issues of material fact.
 {¶ 5} Appellant's first through seventh assignments of error address the propriety of the trial court's decision to grant summary judgment as to his claims for breach of contract, all of which are premised upon various provisions of the MCO student handbook. In his eighth assignment of error, he argues generally that MCO failed to establish the absence of any genuine issues of material fact. Because all eight assignments of error are interrelated, we will discuss them together, presently.
 {¶ 6} First, however, we note that appellant offers no argument that is specifically directed to the propriety of the trial court's decision to dismiss counts six (promissory estoppel) and seven (defamation) of the complaint. Accordingly, we will not review the merits of the trial court's decision with respect to those counts. App.R. 12(A); Hungler v.City of Cincinnati (1986), 25 Ohio St.3d 338, 341, 25 OBR 392,496 N.E.2d 912; Farley v. Farley (Aug. 31, 2000), 10th Dist. No. 99AP-1103.
 {¶ 7} We now turn to the breach of contract issues raised in appellant's assignments of error. Appellant's contract claims, as discussed in his brief, can be distilled to the following eight protestations: (1) appellant's disciplinary process was governed by an amended version of MCO Policy No. 04-017 ("the policy"), but should have been governed by the version thereof that was in effect at the time he enrolled in MCO in 1999, entitled Policy No. 04-017-02; (2) the committee failed to forward its recommendation to Dean Gohara in writing, as required by the policy; (3) MCO failed to properly notify him regarding the details of the charges he faced and the specific manner in which the hearing would be held; (4) the letter he received advising him of the date, time and location of the hearing specifically stated it would be governed by Policy 04-017-02, but the hearing was conducted under a different policy; and (5) MCO breached its own student records policy contained in the student handbook.
 {¶ 8} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. We construe the facts gleaned from the record in a light most favorable to appellant, as is appropriate on review of a summary judgment. We review questions of law de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, citing Ohio BellTel. Co. v. Pub. Util. Comm. (1992), 64 Ohio St.3d 145, 147,593 N.E.2d 286.
 {¶ 9} At the outset of our discussion, we hasten to mention that we need not determine whether the provisions of the MCO student handbook constitute an enforceable contract between MCO and appellant, or whether subsequent amendments to the handbook replaced earlier versions pursuant to unilateral contract principles. This is because, as discussed below, we find that MCO is entitled to judgment as a matter of law even if appellant is correct in his assertions as to the terms of any contract between the parties.
 {¶ 10} Appellant argues that MCO "breached" the disciplinary provision entitled Policy No. 04-017-02, which appellant claims was the discipline-related provision of the MCO student handbook at the time he began his studies. A copy of the policy, attached to the complaint as Exhibit "C", contains a list of items that might subject an MCO student to disciplinary action. Appellant argues that since the policy describes, "[a]ctions constituting violations of law on College premises, or in connection with College functions," his dismissal for actions occurring off-campus is a breach of Policy No. 04-017-02.
 {¶ 11} We note initially that appellant admits — and even alleges in his complaint — that he signed a pledge during his second year at MCO to uphold the provisions of an amended version of the MCO student handbook. However, even if Policy No. 04-017-02 restricts MCO to instituting disciplinary action only for actions within the policy's plain language, MCO clearly was permitted to dismiss appellant. Item No. 1 of the policy provides for disciplinary action for "[c]onduct * * * that, in the opinion of faculty * * * is inconsistent with the accepted standards of the medical profession." It is entirely reasonable for the committee faculty that presided over appellant's hearing to have concluded that appellant engaged in conduct that is inconsistent with the accepted standards of the medical profession. Appellant's claim for breach of contract based upon this alleged breach is thus without merit.
 {¶ 12} Appellant also argues that MCO breached its contract with him because the committee failed to forward its recommendation to Dean Gohara in writing, as specified in Policy No. 04-017. In its responses to requests for admissions, MCO admitted that the recommendation was not forwarded in written form. The essential elements of a cause of action for breach of contract are the existence of a contract, performance by the plaintiff, breach by the defendant and resulting damage to the plaintiff. Nious v. Griffin Construction, Inc., 10th Dist. No. 03AP-980, 2004-Ohio-4103, at ¶ 15. Even assuming Policy No. 04-017 constitutes a binding contract between the parties, and notwithstanding appellant's arguable non-performance of his own obligations under the provisions of the student handbook, the record reveals no genuine issue of fact with respect to the last element of his claim. Neither the complaint nor the remainder of the record contains any allegation or evidence that appellant was damaged because Dean Gohara did not receive the committee's recommendation in writing.
 {¶ 13} Appellant next argues that MCO breached its contract with him by failing to properly notify him regarding the details of the charges he faced and the specific manner in which the hearing would be held. He also argues that the letter he received indicated that Policy No. 04-017-02 would govern the hearing, but the hearing was in fact conducted under Policy No. 04-017. But appellant admits in his brief that MCO's letter is not in evidence. His affidavit contains statements regarding the contents of the letter, but these self-serving statements are not properly considered in passing upon the motion for summary judgment.
 {¶ 14} In order to prove the contents of a writing, the "best evidence rule" requires that the actual document, or an exact duplicate thereof, be introduced. Under Evid. R. 1002, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio." Even assuming that MCO's letter created contractual obligations as to the procedure to be followed at appellant's hearing, there is no evidence as to what those obligations were, since the letter's contents are unknown. Therefore, we find that no genuine issue of material fact exists with respect to these allegations of breach.
 {¶ 15} Appellant also argues that MCO breached its contract with him by failing to follow its own policy regarding disclosure of student records. Again, however, he admits in his brief that the policy he alleges MCO violated, which is Policy No. 04-007, is not in evidence. As such, the trial court correctly determined that no genuine issue of material fact exists with respect to this alleged breach.
 {¶ 16} Finally, in his brief, appellant quarrels with the trial court's characterization of MCO's decision to dismiss appellant as an "academic" decision. He argues that it was a "disciplinary" decision and thus should be reviewed by the courts with less deference than would be accorded academic decisions. Appellant's argument is misplaced, however, because the cases he cites in support are federal cases dealing with whether educational institutions afforded the proper level of constitutional due process to students facing disciplinary action. Appellant's complaint does not raise constitutional claims, nor could it have, because the Court of Claims does not have jurisdiction to decide such claims. Burkey v. Southern Ohio Corr. Facility (1988),38 Ohio App.3d 170, 171, 528 N.E.2d 607. However, we need not determine the merits of appellant's quibble with the trial court's characterization of MCO's decision because, given appellant's admissions and the other evidence adduced at the hearing, MCO's decision — even if accorded no deference — was plainly authorized by the clear and unambiguous language of the policy appellant deems applicable to his disciplinary proceeding.
 {¶ 17} After a thorough review of the record and consideration of the arguments of the parties, for all of the foregoing reasons, we agree with the trial court that there exists no genuine issue of material fact going to any of appellant's claims for breach of contract. Accordingly, we overrule all of appellant's assignments of error and affirm the decision of the Court of Claims.
Judgment affirmed.
Petree and French, JJ., concur.