[Cite as *Merlitti v. Univ. of Akron* , 2019-Ohio-4998.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tonya Merlitti, | : | |
| Plaintiff-Appellant, | : | No. 19AP-357 |
| | | (Ct. of Cl. No. 2019-00070JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| The University of Akron, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 5, 2019

**On brief:** *Law Offices of Warner Mendenhall, Warner Mendenhall, Brian Unger,* and *Logan Trombley*, for appellant. **Argued:** *Brian Unger.*

**On brief:** *Dave Yost*, Attorney General, *Lee Ann Rabe,* and *Lauren D. Emery*, for appellee. **Argued:** *Lee Ann Rabe.*

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Tonya Merlitti, appeals from a decision and judgment entry of the Court of Claims of Ohio granting the motion to dismiss of defendant-appellee, The University of Akron ("the University"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On January 29, 2019, Merlitti filed a complaint asserting breach of contract against the University where Merlitti was a former graduate student. After filing her original complaint, the University filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Merlitti opposed the motion to dismiss and also filed an amended complaint.

{¶ 3} Pursuant to her amended complaint, Merlitti was a graduate student in the University's master's degree program in marriage and family therapy from January 2012

until January 2016. The amended complaint states Merlitti paid tuition in full and completed all required coursework, and it further states she was set to graduate from the program in December 2015 upon completion of a required clinical practicum. After initially enrolling in a practicum assignment with Greenleaf Family Center in January 2015, Merlitti ultimately enrolled in a different practicum with Family Pride of Northeast Ohio beginning in June 2015.

{¶ 4} Merlitti alleges in her complaint that Family Pride was satisfied with her performance and offered her a full-time position contingent upon her graduation from the University in December 2015. In October 2015, Merlitti alleges she met with her practicum supervisor from Family Pride at a McDonald's restaurant to discuss practicum matters. After reporting the meeting to her professor at the University, Merlitti alleges her professor told her the meeting was unethical and ordered Merlitti not to return to class. Subsequently, on November 18, 2015, Family Pride terminated Merlitti's practicum placement and rescinded her offer of full-time employment based on conversations between the University's faculty members and Family Pride. The University then awarded Merlitti a grade of "no credit" for her clinical practicum, preventing her from graduating in December 2015.

{¶ 5} The amended complaint further alleges that after awarding Merlitti a "no credit" grade for her practicum, the University then compiled 23 allegations against Merlitti and adjudicated those allegations at a University hearing. Merlitti contested the validity of all 23 allegations. At the conclusion of the hearing, the University dismissed Merlitti from its marriage and family therapy program on January 7, 2016 for alleged violations of the ethical standards of the marriage and family therapy profession. Merlitti asserts in her amended complaint that the University's actions violated the terms of the University's code of student conduct and the marriage and family therapy program's handbook.

{¶ 6} Separate from the University hearing procedure, one of Merlitti's former professors at the University filed a complaint against Merlitti with the Ohio Counselor, Social Worker, and Marriage and Family Therapist Board ("the board"). The board investigated the allegations against Merlitti, ultimately concluding it was "unable to substantiate" the allegations against her and closing its investigation on July 21, 2016. (Mar. 21, 2019 Am. Compl. at ¶ 21.)

{¶ 7} After the board closed its investigation into Merlitti, Merlitti attempted to gain reinstatement to the University's marriage and family therapy program. On January 27, 2017, Merlitti applied for reinstatement, and the University denied her application around April 10, 2017. Merlitti appealed that denial within the University's hearing system, and the University's senior vice president and provost affirmed the denial on April 17, 2017. Merlitti then requested the president of the University review her original dismissal from the program, and the president reaffirmed Merlitti's dismissal on July 16, 2017.

{¶ 8} In her amended complaint, Merlitti sets forth two claims for breach of contract against the University. The first claim alleges the University breached a contract with Merlitti when it dismissed her from the marriage and family therapy program and subsequently failed to reinstate her into the program following the board's closure of its investigation into Merlitti on July 21, 2016. The second claim alleges the University breached a contract with Merlitti when it denied her reinstatement application on April 10, 2017 and continued to affirm its denial of her reinstatement application thereafter.

{¶ 9} The University responded to Merlitti's amended complaint with another motion to dismiss pursuant to Civ.R. 12(B)(6). In its motion to dismiss, the University argued the applicable statute of limitations operates to bar Merlitti's two claims for breach of contract. Merlitti filed a memorandum in opposition to the University's motion to dismiss.

{¶ 10} In a May 1, 2019 decision, the trial court granted the University's motion to dismiss Merlitti's amended complaint pursuant to Civ.R. 12(B)(6) and denied the University's motion to dismiss Merlitti's original complaint as moot. Merlitti timely appeals.

## II. Assignments of Error

{¶ 11} Merlitti assigns the following errors for our review:

[1.] The trial court erred in dismissing Merlitti's second breach of contract claim under Civ.R. 12(B)(6).

[2.] The trial court erred in dismissing Merlitti's first breach of contract claim under Civ.R. 12(B)(6).

For ease of discussion, we address Merlitti's assignments of error out of order.

## III.  Standard of Review and Applicable Law

{¶ 12}  Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).  In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief.  *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.).  When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo.  *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

## IV.  Second Assignment of Error – Dismissal of Merlitti's First Breach of Contract Claim

{¶ 13}  In her second assignment of error, Merlitti argues the trial court erred in granting the University's motion to dismiss related to her first claim for breach of contract.  Merlitti's complaint framed her first claim for breach of contract as stemming from the University's dismissal of her from the marriage and family therapy program and subsequent failure to reinstate her to the program upon the board's conclusion of its investigation into her.  The University argues, and the trial court found, that Merlitti's first claim for breach of contract is time barred.

{¶ 14}  The applicable statute of limitations for claims brought in the Court of Claims is set forth in R.C. 2743.16(A), which provides, in pertinent part, that "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."  A claim for breach of contract is among those claims subject to the two-year limitations period set forth in R.C. 2743.16(A).  *Columbus Green Bldg. Forum v. State*, 10th Dist. No. 12AP-66, 2012-Ohio-

4244, ¶ 24, citing *Bell v. Ohio State Bd. of Trustees*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790, ¶ 19.

{¶ 15} In considering a motion to dismiss based upon the application of a statute of limitations, a court may grant the motion only when the complaint shows conclusively on its face that the action is time barred. *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 7. Thus, in order for this court to uphold the trial court's dismissal of Merlitti's first claim for breach of contract as untimely, it must appear conclusively from the complaint that Merlitti's claim accrued more than two years before she filed her complaint. The accrual date of a cause of action is a question of law that an appellate court reviews de novo. *Columbus Green Bldg. Forum* at ¶ 25, citing *Williams v. Bur. of Workers' Comp.*, 10th Dist. No. 09AP-1076, 2010-Ohio-3210, ¶ 21.

{¶ 16} Here, the parties dispute the accrual date of Merlitti's first claim for breach of contract. The University argues any claim Merlitti had against the University for removing her from the marriage and family therapy program accrued on January 7, 2016 when the University dismissed Merlitti from the program. Merlitti, on the other hand, asserts her claim did not accrue until July 21, 2016, the date the board made its final determination that it could not substantiate the allegations against Merlitti. It is on that date that Merlitti argues the University should have reversed its decision removing her from the marriage and family therapy program because, she argues, the board's decision shows the University did not have a valid basis to remove her for claimed ethical violations.

{¶ 17} "Under Ohio law, the general rule is that 'a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed.' " *Marok v. Ohio State Univ.*, 10th Dist. No. 13AP-12, 2014-Ohio-1184, ¶ 25, quoting *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998). For contract claims, the moment of breach is not always the moment of accrual; rather, " '[a] cause of action for breach of contract does not accrue until the complaining party suffers actual damages as a result of the alleged breach.' " (Additional citations omitted.) *Columbus Green Bldg. Forum* at ¶ 27, quoting *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 13; *Bell* at ¶ 27 ("[a] cause of action for breach of contract accrues when the breach occurs *or* when the complaining party suffers actual damages").

{¶ 18} Merlitti did not file her original complaint in the trial court until January 29, 2019. We agree with the University and the trial court that Merlitti's first claim for breach of contract accrued on January 7, 2016, making her complaint untimely under the two-year statute of limitations. It was on that date, January 7, 2016, that Merlitti suffered a cognizable injury by no longer being enrolled in the University's program. In an attempt to avoid the application of the statute of limitations, Merlitti asserts she did not suffer actual injury until the board concluded its investigation on July 21, 2016. This argument is premised on Merlitti's unfounded position that the University's action against her was not injurious until the board, a wholly separate entity, determined it could not substantiate the allegations against her. However, this argument defies logic. Merlitti's claim is against the University, and the injury occurred when Merlitti was no longer enrolled in the University's program. While the board's decision may have provided support to Merlitti's argument on the merits of her claim, it does not operate to change the timeline of events central to her claim for breach of contract.

{¶ 19} Additionally, Merlitti argues the savings statute, R.C. 2305.19(A), should apply to extend the period in which she could file a claim for breach of contract based on a complaint she filed in federal court. But, the savings statute would not render her current complaint timely as, by her own account, she did not file her federal complaint until February 1, 2018. This date is more than two years after the accrual date of her breach of contract claim. Thus, since the federal action was not timely filed, it cannot operate to "save" her breach of contract claim here. *Reese v. Ohio State Univ. Hosps.*, 6 Ohio St.3d 162, 163 (1983).

{¶ 20} Because we find Merlitti's first claim for breach of contract accrued on January 7, 2016, the date the University removed her from the program, the trial court did not err in concluding this claim was untimely pursuant to the two-year statute of limitations. Thus, the trial court did not err in granting the University's Civ.R. 12(B)(6) motion to dismiss Merlitti's first claim for breach of contract. We overrule Merlitti's second assignment of error.

## V. First Assignment of Error – Dismissal of Merlitti's Second Breach of Contract Claim

{¶ 21} In her first assignment of error, Merlitti argues the trial court erred in granting the University's motion to dismiss her second claim for breach of contract. Merlitti's second claim for breach of contract alleged the University breached a contract with her when it denied her application for reinstatement to the marriage and family therapy program on April 10, 2017 and continued to affirm that denial in her subsequent attempts to gain reentry into the program.

{¶ 22} The essential elements of a breach of contract claim are (1) a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) resultant damage to the plaintiff. *Columbus Green Bldg. Forum* at ¶ 29, citing *Flaim v. Med. College of Ohio*, 10th Dist. No. 04AP-1131, 2005-Ohio-1515, ¶ 12. As a general matter, when a student enrolls in a college or University, pays her tuition and fees, and attends the school, it is reasonable to construe the resulting relationship as being contractual in nature. *Savoy v. Univ. of Akron*, 10th Dist. No. 13AP-696, 2014-Ohio-3043, ¶ 23, citing *Behrend v. State*, 55 Ohio App.2d 135 (10th Dist.1997). The college or University catalog, handbook, and/or other guidelines supplied to the students constitute the terms of such a contract. *Savoy* at ¶ 23, citing *Tate v. Owens State Community College*, 10th Dist. No. 10AP-1201, 2011-Ohio-3452, ¶ 21.

{¶ 23} By her second breach of contract claim, Merlitti asserts the University is liable for violating a supposed contract with her when it denied her application for reinstatement into the marriage and family therapy program. From the face of her complaint, it is evident that the substance of Merlitti's second claim depends on conduct that occurred *after* she was a student at the University. Though Merlitti's relationship with the University may have been contractual in nature while she was enrolled and paying tuition, Merlitti's complaint does not identify any language in any University handbook, catalog, or other document that could have required reinstatement by purporting to extend a contractual relationship between the University and former student to conduct occurring past the time at which the student was actually enrolled. Thus, Merlitti's complaint fails to demonstrate that a contract existed between the parties when the University denied her application for reinstatement.

{¶ 24} Without demonstrating the existence of a contact between the parties, Merlitti's complaint fails to set forth the essential elements for a claim of breach of contract. Accordingly, the trial court properly dismissed Merlitti's second claim for breach of contract. We overrule Merlitti's first assignment of error.

## VI. Disposition

{¶ 25} Based on the foregoing reasons, the trial court did not err when it granted the University's motion to dismiss Merlitti's two claims for breach of contract. Having overruled Merlitti's two assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER and NELSON, JJ., concur.