[Cite as *Frantz v. Ohio Planning Comm. of Wooster*, 2013-Ohio-521.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DAMON FRANTZ

    Appellant

    v.

CITY OF WOOSTER, OHIO PLANNING
COMMISSION

    Appellee

C.A. No.     12CA0025

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    10-CV-0018

DECISION AND JOURNAL ENTRY

Dated: February 19, 2013

WHITMORE, Judge.

{¶1}    Appellant, Damon Frantz, appeals from a judgment of the Wayne County Court of Common Pleas. This Court reverses.

I

{¶2}    The City of Wooster ("the City") filed an application for a conditional use permit to build a fire station in a residential district. The Planning Commission held two public hearings on the matter and granted the requested permit. Frantz, a neighbor of the proposed building site, appealed the decision to the Wayne County Court of Common Pleas.

{¶3}    The court found the Planning Commission's decision to grant the conditional use permit was "premature" and remanded the case for the Commission to further address the requirements detailed in the City of Wooster's Codified Ordinances ("W.C.O."). Additionally, the trial court found that W.C.O. Section 1147.09(u) did not require the Planning Commission to

consider whether another site was suitable for the proposed fire station, only whether the proposed location met the required conditions.

{¶4} Frantz now appeals on the limited issue of whether the requirements of W.C.O. Section 1147.09(u) were met and raises one assignment of error for our review.

II

Assignment of Error

THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN DETERMINING THAT THE GRANTING OF THE CONDITIONAL USE PERMIT DID NOT VIOLATE SECTION 1147.09(U).

{¶5} In his sole assignment of error, Frantz argues that the trial court erred in granting the conditional use permit because the structure is not essential for the distribution of services to the local area. Specifically, Frantz argues that "[i]t is not necessary to locate the public safety facility in this R-1 district as there are a number of other locations which do not require a conditional use permit."

{¶6} "Under R.C. 2506.04, in an appeal from the board's decision, the common pleas court 'may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with findings or opinion of the court.'" *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, ¶ 8, quoting R.C. 2506.04. "The judgment of the court may be appealed by any party on questions of law * * *." R.C. 2506.04. We review questions of law de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992).

{¶7} "Conditional uses are a classification of uses that are determined to generally be compatible in the district in which they are listed as a conditional use." W.C.O. 1147.01.

Conditional use permits provide the local planning commission with a means to monitor certain uses "to ensure that the use and its operational aspects are indeed appropriate in the specific location in which the use is proposed." *Id*. A person challenging a requested conditional use permit bears the burden of presenting sufficient evidence "to lead the Commission to conclude that the application should be denied * * *." W.C.O. 1107.27.

{¶8} If the Planning Commission determines that the proposed conditional use is "appropriate and in conformance with the review criteria outlined in Sections 1107.12, 1147.02, and 1147.03, the Planning Commission shall approve the conditional use." W.C.O. 1107.28(a)(1). If the conditional use is for a public safety facility, W.C.O. Section 1147.09(u) also applies. W.C.O. 1147.05(10). W.C.O. 1147.09(u)(1) provides that "[i]n residential districts, facilities shall be limited to structures that are essential for the distribution of services to the local area."

{¶9} After having been so advised, the Planning Commission concluded that Section 1147.09(u)(1) merely restricted the structures that were permitted and did not address the issue of the site itself. Therefore, the Commission did not consider whether the fire station could be built on another site. The Wayne County Court of Common Pleas agreed with the Commission's interpretation.

{¶10} Frantz argues that the Commission's interpretation of 1147.09(u)(1) is too narrow. According to Frantz, because there are other sites available where a conditional use permit would not be required, a firehouse on this residential parcel is not essential for the distribution of services to the local area. Therefore, according to Frantz, the requirement of 1147.09(u)(1) has not been met. The City did not file an appellee's brief.

{¶11} "[W]e must apply a statute as it is written when its meaning is unambiguous and definite." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 52. Looking at the plain language of 1147.09(u)(1), we agree that it is the structures, and not the sites, that are being limited. Thus, 1147.09(u)(1) does not require the Commission to consider other potential locations for the proposed fire station.

{¶12} However, 1147.09(u)(1) does require the Commission to conclude that the fire station itself is essential for the distribution of services to the local area. In its findings, the Commission only concluded that the proposed conditional use met "the criteria of Section 1147.09(u)(1) in that it is proposed as a single firehouse with no other structures on the site." Upon review of the record, there is no evidence that the trial court considered whether the fire station was essential for the distribution of services. In its journal entry, the trial court merely concludes that "[t]he issue on appeal is not whether there is a better location for the fire station, but whether a conditional use permit is permissible at the chosen location." This is only one element of 1147.09(u)(1). The trial court erred in concluding that the requirements of 1147.09(u)(1) had been met without considering whether the fire station is essential for the distribution of services.

{¶13} Frantz's assignment of error is sustained, and the cause is remanded for the determination of whether the proposed fire station is essential for the distribution of services to the local area. *See* W.C.O. 1147.09(u)(1).

III

{¶14} Frantz's assignment of error is sustained. The Wayne County Court of Common Pleas' judgment is reversed to the extent that it relates to the compliance with W.C.O. 1147.09(u)(1). This decision does not affect the portion of the judgment in which the court

found the grant of the conditional use permit was premature.  This cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶15}  I respectfully dissent. Before both the commission and the trial court, Frantz only argued that other sites were more appropriate.  Frantz has neither argued that the commission did not find that the fire station itself is essential for the distribution of services to the local area, nor has he argued that the trial court failed to consider that issue.  Therefore, I would affirm the trial court's judgment.

APPEARANCES:

BRUCE M. BROYLES, Attorney at Law, for Appellant.

TIMOTHY VAN SICKLE, Attorney at Law, for Appellee.