[Cite as *Bainbridge v. Avon Lake*, 2014-Ohio-4261.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

TIMOTHY BAINBRIDGE, et al. C.A. No. 14CA010524

    Appellees

    v. APPEAL FROM JUDGMENT
ENTERED IN THE
AVON LAKE OHIO (CITY OF) COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
    Appellant CASE No. 13CV179987

DECISION AND JOURNAL ENTRY

Dated: September 29, 2014

HENSAL, Judge.

{¶1} Appellant, the City of Avon Lake, Ohio Planning Department, appeals from a judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Appellees, Timothy and Mary Ann Bainbridge, are the owners of three vacant parcels in the Belmar Beach Subdivision in Avon Lake, Ohio. The parcels form a corner lot that is bordered on the east by Richland Drive, an improved street, and on the south by Robinwood Avenue, an unimproved street that currently exists only as a stub street. Robinwood Avenue extends only so far as to border one of the three parcels owned by the Bainbridges.

{¶3} While in the process of listing the parcels for sale, the Bainbridges discovered that Section 1220.06 of the Avon Lake Planning and Zoning Code required that, in order to build a structure on the parcels, they would be required to pay for the extension of Robinwood Avenue so that it would run the length of their property and install both sidewalks and utility service.

They maintain that these requirements present a great financial burden which renders the parcels unmarketable. The Bainbridges sought a waiver from the requirements of Section 1220.06 so that a potential buyer could construct a home on the parcels with a driveway that accessed Richland Drive without having to extend Robinwood Avenue and make the required improvements.

{¶4} On March 5, 2013, the Bainbridges' waiver request was considered by the Avon Lake Municipal Planning Commission at its public meeting. A majority of the Commission voted against granting the waiver. The Bainbridges appealed to the Lorain County Court of Common Pleas, which reversed the Commission's decision. Appellant has appealed raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY FINDING THAT THE ORDER OF CITY OF AVON LAKE, OHIO PLANNING COMMISSION (THE "PLANNING COMMISSION") DENYING THE WAIVER FROM THE CITY'S BUILDING REQUIREMENTS REQUESTED BY TIMOTHY BAINBRIDGE AND MARY ANN BAINBRIDGE (THE "BAINBRIDGES") "WAS 'ARBITRARY, CAPRICIOUS, UNREASONABLE OR UNSUPPORTED BY THE PREPONDERANCE OF THE SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD.'"

{¶5} Appellant argues that the trial court erred in reversing the Planning Commission's decision as the Bainbridges failed to satisfy their burden of proof in demonstrating that they were entitled to a waiver of the Section 1220.06 improvement requirements. Specifically, Appellant maintains that the Bainbridges presented no substantial, reliable and probative evidence in support of a waiver because their request was only advanced through the oral arguments of legal counsel, who allegedly was not sworn in as a witness at the public meeting. This Court disagrees.

{¶6} Pursuant to Revised Code Section 2506.04, a common pleas court examining an appeal from a municipal planning commission's decision "may find that the * * * decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." *Id.* The common pleas court may affirm, reverse, vacate, or modify the commission's decision in accordance with its findings. *Id.*; *Frantz v. Ohio Planning Comm. of Wooster*, 9th Dist. Wayne No. 12CA0025, 2013-Ohio-521, ¶ 6. Section 2506.04 further provides that "[t]he judgment of the [common pleas] court may be appealed * * * on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."

{¶7} In *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142 (2000), the Ohio Supreme Court clarified that "[t]he standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is 'more limited in scope'" than the standard of review applied by the trial court. (Emphasis deleted.) *Id.* at 147, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as granted to the common pleas court." *Id.*, quoting *Kisil* at fn. 4

> It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.

*Id.*, quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). "Whether the trial court abused its discretion is '[w]ithin the ambit of questions of

law for appellate court review.'" *Lee v. Lafayette Twp. Bd. of Zoning Appeals*, 193 Ohio App.3d 795, 2011-Ohio-2086, ¶ 8 (9th Dist.), quoting *Kisil* at fn. 4. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Chapter 1220 of the Avon Lake Planning and Zoning Code sets forth certain design standards for subdivisions. Section 1220.06 provides that "[a]ll pavements, sidewalks, sewers and waterlines shall be extended to all boundary lines of the subdivision." The parties agree that this provision requires the Bainbridges, or any future owner(s), who wish to develop the three parcels, to pay for and arrange the extension of Robinwood Avenue so that it runs the length of the properties' boundaries and install sidewalks and utilities.

{¶9} The Bainbridges requested a waiver under Section 1216.11 from the application of Section 1220.06 to future development of their three parcels. Section 1216.11 authorizes the Planning Commission to grant a waiver from any Chapter 1220 design standard when it concludes that undue hardship may result from strict compliance with the Chapter. *See* Section 1216.11 of the Codified Ordinances of the City of Avon Lake. Section 1216.11(b) directs "the developer" to submit an application in writing at the time that the preliminary plan is submitted to the Planning Commission for approval. The application must "state fully the grounds for the application and all the facts relied upon by the petitioner." *See Id*. at Section 1216.11(b).

{¶10} The Bainbridges submitted their application for a waiver on February 6, 2013. Attached to the application was correspondence from them which stated that they purchased the property in 2005 with the intention of building a home. According to them, they were unaware of the Section 1220.06 requirements at the time they purchased the land. The Bainbridges explained in their letter that they learned about the requirements after deciding not to build the

home and listing the property for sale.  They wrote that, in order to build a home on the property, they would have to pay to extend Robinwood Avenue 118 feet, install water, gas, sanitary and storm sewer utility lines on the extended street, and provide adequate street lighting.  The Bainbridges stated that the Section 1220.06 requirements were an "insurmountable expense," "totally absurd," and an "overwhelming hardship."

**{¶11}**  Also attached to the application was correspondence from the Bainbridges' real estate agent, Jack Kinsner, which indicated there was a potential buyer for the property.  He opined that Section 1220.06 appears to apply only to land developers.  According to Mr. Kinsner, the estimated cost of making the necessary improvements was $94,400, thus precluding "anyone from ever improving" the parcels.  He further estimated that the Bainbridges would only receive a net profit of $52,500 upon sale of the property.

**{¶12}**  The application was considered by the Planning Commission at its March 5, 2013, regular meeting.  Prior to considering any of the new items on its agenda, including the Bainbridges' application, the chairman requested that anyone in attendance who may speak that evening be sworn under oath.  The transcript of the meeting reflects that the oath was administered by the law director but fails to provide the names of the persons to whom the oath was administered.

**{¶13}**  The Bainbridges' application was presented to the Planning Commission by their legal counsel.  He proffered several photographs and a hand-drawn map to illustrate the area in question.  Mrs. Bainbridge spoke briefly toward the end of the presentation concerning whether she wished to have the matter tabled to allow for additional time to explore a potential resolution with the law director prior to the Planning Commission taking a formal vote on the application.  She told the Planning Commission that Mr. Bainbridge had spoken with the Avon Lake engineer

before purchasing the property. According to Mrs. Bainbridge, the engineer told her husband that there were "no problems" and that they could build a home on the parcels. After the Bainbridges' counsel requested that the Planning Commission vote on the application rather than table it, a majority of the Commission voted to deny the waiver.

{¶14} The Bainbridges appealed the Planning Commission decision to the Lorain County Court of Common Pleas. The record was transmitted to the court and consisted of the waiver application and attendant attachments, the transcript of the meeting along with copies of the exhibits presented by the Bainbridges' counsel at the meeting, the meeting minutes, and staff comments from various Avon Lake municipal departments concerning the request. Both parties also submitted briefs in support of their arguments.

{¶15} The common pleas court found that the Planning Commission's "order" was "arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record" under Revised Code Section 2506.04. The court then "granted" Mr. and Mrs. Bainbridge's "brief" and reversed the Planning Commission's "order."

{¶16} The Appellant argues that Mr. and Mrs. Bainbridge presented no evidence in support of their waiver request because, with the exception of Mrs. Bainbridge's remarks, their attorney did not question any witnesses and his comments constituted oral argument rather than substantive evidence for the Planning Commission's consideration. According to the Appellant, the common pleas court erred in reversing the Planning Commission's decision as there was no substantial, reliable and probative evidence on the whole record to consider in accordance with Section 2506.04. Mr. and Mrs. Bainbridge contend that they had no control over how the Planning Commission conducted its meeting. They further argue that the Planning Commission

should not be allowed to benefit from its decision to consider the matter in an informal manner rather than something more akin to a court trial. Finally, the Bainbridges argue that, if the Appellant is correct that only Mrs. Bainbridge's comments were considered as evidence, her comments were not refuted and that the Appellant should be estopped from denying their waiver request as they relied on the assurances from the Avon Lake engineer that they could construct a home on the property.[1]

{¶17} The Appellant has failed to cite this Court to the record in support of their assertion that the Bainbridges' attorney was not sworn under oath. *See* App.R. 16(A)(7). It is unclear after reviewing the transcript of the Planning Commission meeting whether their attorney was administered the oath prior to speaking on their behalf. The transcript reflects that, before the Commission considered any matters on its agenda that night, the chairman stated that, "[i]f you think you're gonna (sic) speak tonight to any of the issues, you must be sworn in. If you're not sworn in, you can't officially speak before [the] Planning Commission. So even if you think you might speak, it's best to stand now and be sworn in * * *." The transcript next reflects that the law director administered the oath. The transcript does not, however, reveal who took the oath. Mr. and Mrs. Bainbridges' appellate brief does not address whether their attorney was sworn under oath prior to speaking at the meeting.

{¶18} We also note that the transcript reveals that the Planning Commission neither objected to the testimony allegedly given without an oath having been administered, nor sought to correct the alleged deficiency by administering the oath to the attorney. Under these

---

[1] While we need not address this argument as it is not dispositive of the appeal, we note that, "as a general rule, the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function." *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, ¶ 25, quoting *Ohio State Bd. of Pharmacy v. Frantz*, 51 Ohio St.3d 143, 145-146 (1990).

circumstances, the argument could be made that the Appellant forfeited any alleged error or even invited the error by conducting its meeting the way it did. *See Concerned Richfield Homeowners v. Planning & Zoning Comm.*, 9th Dist. Summit No. 25033, 2010-Ohio-4095, ¶ 8. *See also Stores Realty Co. v. City of Cleveland, Bd. of Bldg. Standards and Bldg. Appeals*, 41 Ohio St.2d 41, 43 (1975) ("Had appellee objected to the unsworn testimony during the hearing, there is little doubt that the chairman would have sworn the witness.").

{¶19} Regardless of whether the Appellant forfeited the error, the transcript reflects that the Planning Commission did not base its decision on a lack of evidence presented under oath. Rather, most of the Planning Commission members were concerned about the impact on surrounding property owners if it granted the Bainbridges a waiver and Robinwood Avenue was later extended.

{¶20} Given that there is no definitive evidence that the Bainbridges' attorney was not sworn under oath prior to presenting their waiver request, the fact that Appellant failed to object to the alleged lack of sworn testimony or remedy the situation by placing the attorney under oath, and the Planning Commission did not base its decision on a lack of sworn testimony, this Court is not persuaded by the Appellant's argument that there was no "substantial, reliable and probative evidence on the whole record" for the trial court to consider in accordance with Section 2506.04.

{¶21} Appellant further argues that, notwithstanding its argument concerning the lack of sworn testimony, the Bainbridges also failed to set forth sufficient evidence that their requested waiver would not be injurious to surrounding property owners. Section 1216.11(a) of the Planning and Zoning Code of the City of Avon Lake sets forth the standard for the Planning Commission to use when presented with a waiver application and provides that,

[i]n making its decision, the [Planning] Commission shall take into account the nature of the proposed use of land and the existing use of land in the vicinity, the number of persons to reside or work in the proposed subdivision and the probable effect of the proposed subdivision upon traffic conditions in the vicinity. No waiver shall be granted unless the [Planning] Commission finds that:

(1) There are special circumstances or conditions affecting such property such that the strict application of these regulations would deprive the applicant of the reasonable use of his or her land.

(2) The waiver is necessary for the preservation and enjoyment of a substantial property right of the petitioner.

(3) The granting of the waiver will not be detrimental to the public welfare or injurious to other property in the territory in which such property is situated.

The Appellant maintains that the Bainbridges' evidence concerning the third requirement of the absence of a detrimental effect on the public welfare or injurious effect on other property owners was speculative, based on their own unsupported opinion and not corroborated by any evidence.

{¶22} The Bainbridges' attorney argued at the meeting that, if Robinwood Avenue was extended in the future, both the Bainbridges and the surrounding property owners would be assessed their proportionate share of the cost at the time of the extension. He further maintained that the Planning Commission had allowed a property owner at the opposite end of Robinwood Avenue to build on his property in the same manner as proposed by the Bainbridges without having to extend the street and utility lines the length of his property.

{¶23} The transcript of the meeting reflects that most of the Planning Commission members were concerned about the impact that the proposed waiver would have on neighboring properties if Robinwood Avenue was subsequently extended. The comments from the members opposing the waiver stemmed in part from similar situations in other parts of the city concerning who was responsible for installing the improvements when the Planning Commission had granted a waiver and a surrounding property owner later sought to develop his property. The

arguments at the meeting suggested that the Belmar Beach Subdivision is an older subdivision and that the platted lots do not conform to the lot sizes under the existing planning and zoning code. The Bainbridges maintained that it was unlikely any of the neighboring parcels on Robinwood Avenue would ever develop given the passage of time and the nonconforming lot size. In addition, their attorney represented that many of the properties were owned by individuals who also owned parcels on Redwood Boulevard, which runs parallel to Robinwood Avenue to the north. He stated that these owners used their Robinwood Avenue parcels for the purposes of extending their back yards. Even if an owner further down Robinwood Avenue wanted to develop, the Bainbridges argued, he would only pay his proportionate share of the cost of extending the street and the utilities and they would also be assessed at that time.

{¶24} Given the arguments presented by both sides on the issue, this Court cannot conclude that the trial court abused its discretion in reversing the Planning Commission's decision. The substance of the Appellant's argument is that the Bainbridges did not satisfy their burden of persuasion to prove that neither the general public nor surrounding property owners would be harmed if their waiver was granted. As noted above, this Court's scope of review is limited. We do not have the same power granted to the trial court to weigh "the preponderance of substantial, reliable and probative evidence." *Henley*, 90 Ohio St.3d at 147, quoting *Kisil*, 12 Ohio St.3d 30 at fn. 4. The Appellant's argument is asking this Court to weigh the evidence and reverse the trial court on that basis. Given our limited scope of review, the appellant's assignment of error is overruled.

## III.

{¶25} The Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

ABRAHAM LIEBERMAN, Attorney at Law, for Appellant.

KENNETH P. FRANKEL, Attorney at Law, for Appellee.