COALITION FOR SAFE ELECTRIC POWER, APPELLANT, *v.* PUBLIC
UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.
STEBBINS, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF
OHIO ET AL., APPELLEES.

[Cite as Coalition for Safe Electric Power v. Pub. Util.
Comm. (1977), 49 Ohio St. 2d 207.]

(Nos. 76-851 and 76-892—Decided March 9, 1977.)

Messrs. *Oberholtzer & Oberholtzer* and Mr. *Dale H. Chase*, for appellant Coalition for Safe Electric Power.

Ms. *Evelyn Stebbins, pro se.*

Mr. *William J. Brown,* attorney general, Mr. *Charles S. Rawlings*, Mr. *Marvin I. Resnick* and Mr. *John W. Rudduck,* for appellee.

Messrs. *Squire, Sanders & Dempsey*, Mr. *Alan P.*

Buchmann, Mr. Alan D. Wright, Mr. Victor F. Greenslade, Jr., Mr. Thomas A. Kayuha, Messrs. Fuller, Henry, Hodge & Snyder and Mr. Paul M. Smart, for intervening appellees.

CELEBREZZE, J. "The Public Utilities Commission of Ohio is the representative of the people of the state of Ohio. It is the intermediary between the citizen-consumer on the one side and the public utility on the other. It is a creature of statute, having only such power as the General Assembly has seen fit to confer upon it * * *." Cleveland v. Pub. Util. Comm. (1934), 127 Ohio St. 432, 435-436.

Appellants herein have filed a complaint in writing against three public utilities, pursuant to R. C. 4905.26, alleging that a "service * * * proposed to be rendered, is in violation of law." Upon examination of the complaint and exhibits attached thereto, it is apparent that appellants have raised genuine issues of fact relative to the utilities' compliance with the dictates of R. C. 4905.48(A).

Notably absent from the record of this cause are copies of the disputed agreements between the public utility companies. The utilities have described these agreements as "construction-type contracts," which they contend are exempt from the provisions of R. C. 4905.48. Appellants, on the other hand, claim that the agreements are operational in nature. Alternatively, appellants argue that since all power-generating facilities must be engineered, planned and constructed before utilities are enabled to operate transmission lines, the above statute cannot relate solely to the final operating agreement.

We will not, at this time, decide the merits of the claims raised in the instant complaint. Suffice to say that the commission cannot properly draw factual conclusions from documents which it has not as yet analyzed.

Because the findings of fact are clearly unsupported by the evidence of record, we hold the order of the commission, denying that appellants had established reasonable grounds for their complaint, to be unreasonable and unlawful.

. Accordingly, we reverse the commission's order and remand this cause for a hearing on the merits.

*Order reversed.*

O'NEILL, C. J., HERBERT, W. BROWN, SWEENEY and LOCHER, JJ., concur.
P. BROWN, J., dissents.