OHIO BELL TELEPHONE COMPANY ET AL., APPELLANTS, *v.* PUBLIC
UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *Ohio Bell Tel. Co. v. Pub. Util.
Comm.* (1992), 64 Ohio St.3d 145.]

(No. 91–1761—Submitted April 14, 1992—Decided July 8, 1992.)

146

*Michael J. Karson, William H. Hunt* and *Charles S. Rawlings,* for appellant Ohio Bell Telephone Company.

*Frost & Jacobs* and *Mark H. Longenecker,* for appellant Cincinnati Bell Telephone Company.

*Joseph R. Stewart,* for appellant GTE North Incorporated.

*Thomas L. Jacobs; Jones, Day, Reavis & Pogue* and *Helen L. Liebman*, for appellant United Telephone Company of Ohio.

*Schneider & Prohaska* and *J. Raymond Prohaska*, for appellant Ohio Telephone Association.

*Lee I. Fisher*, Attorney General, *James B. Gainer* and *Ann E. Henkener*, for appellee Public Utilities Commission.

*Hahn Loeser & Parks, Janine L. Migden* and *Randy J. Hart*, for intervening appellee Ohio Public Communications Association.

———

REECE, J. The scope of review applicable to these proceedings is set forth in R.C. 4903.13 which states, in part:

"A final order made by the public utilities commission shall be reversed, vacated, or modified by the supreme court on appeal, if, upon consideration of the record, such court is of the opinion that such order was unlawful or unreasonable."

In contrast to determinations of fact which are accorded considerable deference, questions of law are examined by this court *de novo. Consumers' Counsel v. Pub. Util. Comm.* (1979), 58 Ohio St.2d 108, 110, 12 O.O.3d 115, 116, 388 N.E.2d 1370, 1372–1373.

While appellants assert four propositions of law, this appeal may be resolved upon a single statutory requirement. The commission conceded at oral argument that the order of May 8, 1991 effected a utility rate change. As a prerequisite to such action, the commission was obliged to give notice and conduct a hearing in accordance with R.C. 4905.26.[1] *MCI Telecommuni-*

———

1. That section declares, in part:
   "Upon complaint in writing against any public utility by any person, firm, or corporation, or upon the initiative or complaint of the public utilities commission, that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by said public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, and, upon complaint of a public utility as to any matter affecting its own product or service, if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complaints and the public utility thereof, and shall publish notice thereof in a newspaper of general circulation in each county in which complaint has arisen. Such notice shall be served and publication made not less than fifteen days nor more than thirty days before hearing and shall state the matters complained of. The commission may adjourn such hearing from time to time.

*cations Corp. v. Pub. Util. Comm.* (1988), 38 Ohio St.3d 266, 269, 527 N.E.2d 777, 780; see *Coalition for Safe Electric Power v. Pub. Util. Comm.* (1977), 49 Ohio St.2d 207, 210, 3 O.O.3d 326, 327, 361 N.E.2d 425, 427.

There is no indication in the record, and the commission does not argue, that a formal evidentiary hearing was held on the issue of directory assistance reimbursement. The notice and comment format, which was employed instead, has been approved by this court in the generic rate-making process only as an expedient means of following up an actual public hearing. *MCI Telecommunications, supra,* 38 Ohio St.3d at 269–270, 527 N.E.2d at 780–781. This casual approach does not, by itself, satisfy the detailed requirements of R.C. 4905.26.

The commission contends that it is immune from this statute since the order of May 8, 1991 is a "quasi-legislative" declaration adopted pursuant to the "rule-making" authority granted by R.C. 4905.04 and 4905.06. Regardless of how the action is characterized by the commission, it is still a rate change subject to the procedural requirements of R.C. 4905.26. The plain language of this enactment does not suggest that it is somehow optional. The commission cannot defeat the General Assembly's demand for quasi-judicial proceedings merely by supplying a different label to the attempted modification.

Citing R.C. 4909.18, the commission further argues that a hearing is necessary only for a rate increase. That statute concerns applications by public utilities to establish or modify rates charged to customers and has no bearing in these proceedings. More to the point, the unambiguous terms of the controlling legislation, R.C. 4905.26, fail to support this interpretation.

Accordingly, we hold that before the commission may order a change in utility rates on policy grounds, the procedural requirements of R.C. 4905.26 for notice and a public hearing must first be satisfied.

For the foregoing reasons, we determine that the commission's order of May 8, 1991, is unlawful and is therefore reversed and vacated.

*Order reversed*
*and vacated.*

SWEENEY, Acting C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

JOHN W. REECE, J., of the Ninth Appellate District, sitting for MOYER, C.J.

---

"The parties to the complaint shall be entitled to be heard, represented by counsel, and to have process to enforce the attendance of witnesses. * * *"