DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, A.K. appeals the judgment of the Medina County Court of Common Pleas, Juvenile Division, that adopted a decision of the magistrate finding him to be delinquent, ordered that he be committed to the Ohio Department of Youth Services ("DYS"), and that found him to be a mandatory Tier II juvenile sex offender registrant. Because this Court lacks jurisdiction, we dismiss this appeal.
 {¶ 2} On November 13, 2007, A.K. was charged with one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony if committed by an adult, for conduct against his twelve-year-old sister on or about November 9, 2007. On January 29, 2008, A.K. admitted to the charge before a magistrate, who found A.K. to be delinquent. On March 10, 2008, the trial court conducted a disposition hearing and issued entries adopting the magistrate's decision, issuing a sentence, and finding A.K. to be a mandatory Tier II juvenile sex offender registrant. *Page 2 
 {¶ 3} To constitute a final order, the trial court entry reflecting action on the magistrate's decision must grant relief on the issues originally submitted to the trial court. See Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 221. See, also, In reZakov (1995), 107 Ohio App.3d 716, 717. "[T]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case." Harkai, 136 Ohio App.3d at 216, quoting Walker v.Walker (Aug. 5, 1987), 9th Dist. No. 12978, at *2. Juv. R. 40(D)(4)(e) states that, "[a] court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment[.]" The trial court order adopts the magistrate's decision; however, the order does not enter judgment finding A.K. to be a delinquent child. Accordingly, the trial court's May 10, 2008 order is not a final, appealable order and we dismiss this appeal.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 3 
 WHITMORE, J., MOORE, P. J. CONCUR. *Page 1