**BUSCH BROS. ELEVATOR CO., INC., Appellee,**

v.

**UNIT BUILDING SERVICES, Appellant, et al.**

[Cite as *Busch Bros. Elevator Co., Inc. v. Unit Bldg. Servs.*, 190 Ohio App.3d 413, 2010-Ohio-5320.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100069.

Decided Nov. 3, 2010.

Neiberding & Nieberding, Co., L.P.A., and James L. Nieberding, for appellee.

Keating, Muething & Klekamp, P.P.L., Steven C. Coffaro, and Michael T. Cappel, for appellant.

SYLVIA S. HENDON, Judge.

{¶ 1} Busch Brothers Elevator Company ("Busch") sued Unit Building Services ("Unit") and RCHP for breach of contract, alleging that it had not been paid for elevator repair services that it had rendered. Following a bench trial, the court found in favor of Busch. RCHP was ordered to pay Busch $18,254. Unit was ordered to pay Busch $75,945.08. Unit now appeals.

{¶ 2} RCHP owned a Sheraton Hotel. It hired Unit as the construction manager on a hotel renovation project. In this capacity, Unit contacted Busch to perform elevator repair work. Unit and Busch never executed a written contract for any of their dealings. At issue below was whether Unit or RCHP should pay five of Busch's invoices dated September through November 2005. The court determined that RCHP had contracted with Busch for one project but that Unit had contracted with Busch for the remaining work. It therefore held that RCHP was responsible for one of the invoices and that Unit was liable for the remaining four. In its first assignment of error, Unit claims that the trial court erred when it determined that a contract had existed between Unit and Busch whereby Unit was responsible for paying Busch. Unit is correct.

{¶ 3} Our standard of review is twofold. We must accept the trial court's findings of fact if they are supported by competent, credible evidence.[1] But we

---

1. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

review de novo whether, based on the properly supported findings, the trial court correctly determined that a contract existed.[2]

## The Trial Court's Findings

{¶ 4} The trial court concluded that Unit had "a contractual obligation to compensate Busch" based on "the terms and conditions established and ratified through the [parties'] course of dealings." The court found that Busch had completed elevator repair work "at the direction and request" of Unit. The court also found that prior to the time of the disputed invoices—from September 2004 through August 2005—Busch had submitted eight invoices to Unit and that Unit had forwarded these invoices to RCHP. Each invoice had been paid, and each payment had been "tendered and received by checks issued by RCHP." These findings were supported by competent, credible evidence, and we therefore accept them as established facts. They were insufficient, however, to establish that Unit was contractually liable to Busch for payment.

## The Agreement Lacked Consideration

{¶ 5} A contract is a promise that is actionable upon a breach.[3] The elements of a contract are an offer, acceptance, contractual capacity, consideration, a manifestation of mutual assent, and legality of object and of consideration.[4]

{¶ 6} The trial court in this case found that an oral contract existed between Unit and Bush. Oral contracts are disfavored.[5] And an oral agreement is enforceable only if there is "sufficient particularity to form a binding contract."[6] Its terms are determined from the "words, deeds, acts, and silence of the parties."[7]

{¶ 7} Here, Busch failed to prove the existence of a contract. The record is clear that, throughout Busch and Unit's course of dealings, Unit never

---

**2.** *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 652 N.E.2d 684; *Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286.

**3.** *Minster Farmers Coop. Exchange Co., Inc. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 28

**4.** Id.; see also *Lake Land Emp. Group of Akron, L.L.C. v. Columber*, 101 Ohio St.3d 242, 2004-Ohio-786, 804 N.E.2d 27, ¶ 14.

**5.** *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 15.

**6.** Id.

**7.** Id., citing *Rutledge v. Hoffman* (1947), 81 Ohio App. 85, 75 N.E.2d 608.

paid Busch for its services—RCHP did. And there is no testimony in the record that Unit ever explicitly promised that it would pay Busch for its work. Unit and Busch's "words, deeds, acts and silence," therefore, were not sufficiently particular to establish the element of consideration necessary to form a binding contract. Consideration is a benefit to the promisor or a detriment to the promisee.[8] And while Unit presumably received some incidental benefit from having the elevator work performed, the consideration Busch sought was payment for its services. "Consideration for a contract can only be that which the parties intended to be the consideration. It must be that which was 'bargained for and given in exchange for the promise.' "[9]

{¶ 8} Based on the trial court's findings, there was no contract between Busch and Unit as a matter of law. The trial court erred in holding that Unit was liable to Busch for payment. Unit's first assignment of error is sustained.

{¶ 9} In its second assignment of error, Unit contends that because Busch had failed to mitigate its damages, it could not recover from Unit. Given our resolution of Busch's first assignment of error, this argument is moot, and we decline to address it.[10]

{¶ 10} We therefore reverse the judgment of the trial court as to Unit, and remand this case for further proceedings consistent with this decision.

Judgment reversed in part
and cause remanded.

CUNNINGHAM, P.J., and MALLORY, J., concur.

---

8. *Irwin v. Lombard Univ.* (1897), 56 Ohio St. 9, 19, 46 N.E. 63; *Software Clearing House, Inc. v. Intrak, Inc.* (1990), 66 Ohio App.3d 163, 175, 583 N.E.2d 1056.

9. *Borgerding v. Ginocchio* (1942), 69 Ohio App. 231, 237, 24 O.O. 27, 43 N.E.2d 308, quoting 1 Restatement of the Law, Contracts (1932), 80, Section 75.

10. See App.R. 12(A)(1)(c).