**[Cite as *In re A.M.*, 2020-Ohio-2666.]**

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**MARION COUNTY**

IN RE:

                                           **CASE NO. 9-19-54**

    A.M.,

**ADJUDICATED**                                  **O P I N I O N**
**DELINQUENT CHILD.**

**Appeal from Marion County Common Pleas Court**
**Family Division**
**Trial Court No. 2018 DL 00383**

**Appeal Dismissed**

**Date of Decision:    April 27, 2020**

**APPEARANCES:**

    *Lauren Hammersmith* **for Appellant**

    *Nathan R. Heiser* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Adjudicated delinquent child-appellant, A.M., appeals the August 6, 2019 judgment entry of disposition of the Marion County Court of Common Pleas, Family Division. For the reasons that follow, we dismiss.

{¶2} On August 3, 2018, a complaint was filed against A.M. charging him with gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree if committed by an adult, and importuning in violation of R.C. 2907.07(A), a felony of the third degree if committed by an adult. (Doc. No. 1). The complaint arose from a June 6, 2018 incident in which A.M., a juvenile, allegedly had sexual contact with another juvenile. (*Id.*). On September 20, 2018, A.M. appeared and denied the charges in the complaint. (Doc. No. 6).

{¶3} On December 12, 2018, A.M. filed a motion to suppress statements he made in connection with a June 19, 2018 interview with law enforcement. (Doc. No. 12). On December 19, 2018, the State filed a memorandum in opposition to A.M.'s motion to suppress. (Doc. No. 13). After a suppression hearing on December 19, 2018, a magistrate of the trial court denied A.M.'s motion to suppress on January 8, 2019. (Doc. No. 14). On January 14, 2019, A.M. filed a motion to set aside the magistrate's decision denying his motion to suppress. (Doc. No. 15). The trial court denied A.M.'s motion to set aside the magistrate's decision on January 17, 2019. (Doc. No. 16).

{¶4} On April 9, 2019, A.M. withdrew his denial of the charges in the complaint and entered no-contest pleas to the charges. (Doc. No. 21). The trial court's magistrate accepted A.M.'s no-contest pleas and adjudicated him a delinquent child as alleged in the complaint. (*Id.*).

{¶5} At a dispositional hearing on August 5, 2019, the trial court's magistrate recommended that A.M. be committed to the legal care and custody of the Ohio Department of Youth Services ("DYS") for a minimum of six months (not to exceed A.M.'s 21st birthday). (Doc. No. 24). The trial court's magistrate further recommended that the DYS commitment be suspended and that 18 months of community-control sanctions, including 90 days in detention, with those 90 days suspended conditioned on his compliance with his community-control sanctions, be imposed by the trial court. (*Id.*). The trial court's magistrate filed her "Magistrate Report" on August 6, 2019. (*Id.*). That same day, the trial court filed an entry "approv[ing] and adopt[ing] the Decision of the Magistrate" after noting that the parties "voluntarily waived their right to object and/or no objection being timely filed * * * ." (Doc. No. 25).

{¶6} On September 5, 2019, A.M. filed a notice of appeal. (Doc. No. 30). He raises two assignments of error for our review, which we will address together.

**Assignment of Error No. I**

**A.M. was denied his right to due process and equal protection of the laws when he was adjudicated delinquent of R.C.**

**2907.05(A)(4), for an offense committed when he was under the age of thirteen and a member of the class protected by the statute. Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. (4/9/2019 Entry; A-1).**

### Assignment of Error No. II

**The Marion County Juvenile Court erred as a matter of law and violated A.M.'s constitutional rights when it denied his motion to suppress, even though he did not voluntarily waive his Miranda rights. Fifth and Fourteenth Amendments to the United States Constitution and, Article I, Section 16 of the Ohio Constitution. (1/17/2019 Entry; A-2).**

{¶7} In his first assignment of error, A.M. argues that he cannot be found delinquent of gross sexual imposition in violation of R.C. 2907.05(A)(4) because that statute is unconstitutional as applied to children under the age of 13. In his second assignment of error, A.M. argues that the trial court erred by denying his motion to suppress statements that he made to law enforcement.

{¶8} Before addressing the merits of A.M.'s assignments of error, we must address a threshold jurisdictional matter. Courts of appeal in Ohio have appellate jurisdiction over "final appealable orders." Ohio Constitution, Article IV, Section 3(B)(2). "'As a result, "[i]t is well-established that an order [or judgment] must be final before it can be reviewed by an appellate court. If an order [or judgment] is not final, then an appellate court has no jurisdiction."'" *In re L.J.S.*, 4th Dist. Washington No. 16CA8, 2016-Ohio-8107, ¶ 10, quoting *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14, quoting *Gen. Acc. Ins. Co. v.*

*Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). This court must sua sponte raise and address jurisdictional issues. *Id.*, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus and *Whitaker-Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186 (1972).

{¶9} Because it presents a question of law, we review de novo whether an order or judgment constitutes a final, appealable order. *State v. Robinson*, 9th Dist. Summit No. 26365, 2012-Ohio-3669, ¶ 7. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

{¶10} A juvenile court's adjudication of delinquency and subsequent disposition is "'[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment.'" *In re A.T.*, 1st Dist. Hamilton No. C-160597, 2017-Ohio-5821, ¶ 5, quoting R.C. 2505.02(B)(1), and citing *In re Cox*, 11th Dist. Ashtabula No. 2004-A-0057, 2005-Ohio-3899, ¶ 28 and *In re N.C.*, 2d Dist. Clark No. 09CA0023, 2009-Ohio-4603, ¶ 12-15. However, "[m]agistrate decisions in matters referred under Juv.R. 40 do not constitute final, appealable orders." *In re L.J.S.* at ¶ 11, citing *In re G.S.*, 4th Dist. Pike No. 14CA852, 2015-Ohio-1285, ¶ 17, *State ex rel. Boddie v. Franklin Cty. 911 Admr.*, 135 Ohio St.3d 248, 2013-Ohio-401, ¶ 2, and *State v. Wheeler*, 2d Dist. Montgomery No. 26702,

2016-Ohio-2964, ¶ 17. "Instead, a trial court retains ultimate responsibility over the matter and must enter a separate and independent judgment that sets forth the parties' rights and obligations with respect to the issues submitted to the court." *Id.*, citing *Burns v. Morgan*, 165 Ohio App.3d 694, 2006-Ohio-1213, ¶ 9-10 (4th Dist.), *Yahraus v. Circleville*, 4th Dist. Pickaway No. 00CA04, 2000 WL 33226190, *3 (Dec. 15, 2000), *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 215 (9th Dist.2000), and Juv.R. 40(D)(4)(e). *See also In re A.T.* at ¶ 6 (noting that "Juv.R. 40(D)(4)(e) provides that '[a] court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment'"), quoting Juv.R. 40(D)(4)(e).

{¶11} Because Juv.R. 40 contains identical language to Civ.R. 53, "a magistrate's decision does not become final 'until the trial court reviews the magistrate's decision and (1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) enters a judgment that determines all the claims for relief in the action or determines that there is no just reason for delay.'" *In re A.T.* at ¶ 6, quoting *Alexander v. LJF Mgt., Inc.*, 1st Dist. Hamilton No. C-090091, 2010-Ohio-2763, ¶ 12, and citing *Roberts v. Skaggs*, 176 Ohio App.3d 251, 2008-Ohio-1954, ¶ 4 (1st Dist.) and *Yantek v. Coach Builders Ltd.*, 1st Dist. Hamilton No. C-060601, 2007-Ohio-5126, ¶ 14. *See also In re D.S.R.*, 11th Dist. Lake No. 2011-L-119, 2012-Ohio-5823, ¶ 14 (noting that "the same principles applied to Civ.R. 53(D) are applicable to Juv.R. 40(D)").

> ""'[T]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court."'"

*In re L.J.S.* at ¶ 12, quoting *Harkai* at 216, quoting *Walker v. Walker*, 9th Dist. Summit No. 12978, 1987 WL 15591, *2 (Aug. 5, 1987). *See also Reiter v. Reiter*, 3d Dist. Hancock No. 5-98-32, 1999 WL 378354, *2 (May 11, 1999). In other words, merely approving and adopting a magistrate's decision is not enough, the trial judge "'must still separately enter his or her own judgment setting forth the outline of the dispute and the remedy provided.'" *State ex rel. Boddie* at ¶ 2, quoting *Harkai* at 218. Consequently, a judgment entry that orders that a magistrate's decision be affirmed or incorporated is not a valid, final appealable order. *See* Juv.R. 40(D)(4)(e); Civ.R. 54(A); R.C. 2505.02,

{¶12} Here, the trial court's August 6, 2019 entry does not fulfill those requirements. The record reflects that the trial court's magistrate issued decisions denying A.M.'s motion to suppress evidence on January 8, 2019; adjudicating A.M. as a delinquent child on April 9, 2019; and disposing of the case on August 6, 2019. The trial court issued an order stating the following:

> The above captioned case(s) came before the Court upon complaint filed 08/03/2018 alleging the child to be Delinquent/Unruly. A hearing was held before the Magistrate by Order of Reference. A Decision of the Magistrate was issued

therefrom and filed. The parties hereto were served with a copy of the Decision of the Magistrate. The parties were further advised of their right to object to the same pursuant to Juvenile Rule 40(D)(3)(b)(i).

The parties having voluntarily waived their right to object and/or no objection being timely filed herein; the Decision of the Magistrate is to have immediate effect.

The Court approves and adopts the Decision of the Magistrate and the same is hereby entered of record as the Order of this Court by reference in the above captioned case (s).

(Doc. No. 25).

{¶13} We conclude that the trial court's August 6, 2019 entry does not conform with its obligation to enter an independent judgment which determines the action. *See In re A.T.* at ¶ 10 ("The entries adopted the magistrate's decisions but contained no 'clear pronouncement of the trial court's judgment that expressed what appellant's responsibilities and obligations are.'"), quoting *In re D.P.*, 10th Dist. Franklin Nos. 06AP-179, 06AP-180, and 06AP-181, 2006-Ohio-5098, ¶ 7; *In re Elliott*, 4th Dist. Ross No. 97 CA 2313, 1998 WL 101351, *2 (Mar. 5, 1998); Civ.R. 54(A). Indeed, the trial court did not indicate which magistrate's decisions it reviewed and was adopting or enter a judgment of adjudication and disposition. *See In re L.J.S.* at ¶ 15. That is, the trial court's entry fails to set forth the dispute and order the specific relief afforded.

{¶14} For these reasons, we conclude that the trial court's August 6, 2019 entry is not a final, appealable order and we lack jurisdiction to consider this appeal.

*See In re A.T.* at ¶ 10 ("Therefore, the entries failed to satisfy Juv.R. 40(D)(4)(e)'s requirement that the court 'also enter a judgment,' and they are not final, appealable orders."), quoting Juv.R. 40(D)(4)(e); *In re A.K.*, 9th Dist. Medina No. 08CA0024-M, 2009-Ohio-398, ¶ 3 ("The trial court order adopts the magistrate's decision; however, the order does not enter judgment finding A.K. to be a delinquent child."); *In re D.P.* at ¶ 7. Accordingly, this appeal must be dismissed for lack of jurisdiction.

***Appeal Dismissed***

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**