[Cite as *State v. Benedict*, 2022-Ohio-3600.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 3-21-08

    v.

JOSHUA A.C. BENEDICT,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 19-CR-0022A & B

**Judgment Affirmed**

**Date of Decision: October 11, 2022**

APPEARANCES:

    *Mark R. Devan* for Appellant

    *Mathew E. Crall* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Joshua A.C. Benedict ("Benedict"), appeals the September 5, 2019, October 23, 2019, and January 2, 2020 judgment entries of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} The genesis of this case is Benedict's sexual activity with a minor child, M.P. (in 2015), and his taking of a digital image of her female genitalia with his computer tablet. After M.P. disclosed Benedict's sexual abuse of her in 2018, an investigation commenced and Benedict's tablet was seized. An analysis of that tablet by law enforcement yielded a digital image of M.P.'s genitalia as well as additional contraband (i.e., child pornography) involving minor children.

{¶3} On January 8, 2019, the Crawford County Grand Jury indicted Benedict on the following 130 criminal charges: Counts One and Two for rape in violation of R.C. 2907.02(A)(1)(b), both first-degree felonies; Count Three for gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4), a third-degree felony; Counts Four and Five for pandering obscenity involving a minor in violation of R.C. 2907.321(A)(3), both second-degree felonies; and Counts Six through 130 for pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), all fourth-degree felonies. Importantly, Counts One through Five arose from events occurring in 2015 and Counts Six through 130 arose from events

occurring in 2018. On January 15, 2019, Benedict appeared for arraignment and entered not guilty pleas.

**{¶4}** Benedict filed several pretrial motions including a motion to sever counts of the indictment, a motion to determine the reliability of the complaining witness' testimony (M.P.), and a motion to suppress requesting a *Franks* hearing.[1] The trial court held a hearing on August 12, 2019 regarding the motions. However, after convening the hearing, the parties and the trial court agreed to continue the complaining-witness-reliability motion hearing until a later date. Thereafter, the trial court denied Benedict's request for severance as well as his *Frank's*-hearing request. Ultimately, on October 21, 2019, the trial court overruled Benedict's motion to determine the reliability of the complaining witness.

**{¶5}** Prior to trial, the State dismissed Counts Five, 13, 17-20, 37, 47, 51-53, 70, 99-130, without prejudice. (Doc. Nos. 121, 122). Additionally, the State requested to amend Counts One through Four to enlarge the date of the offenses and to amend Counts 71-98 regarding the digital-image evidence. The trial court granted both of the State's requests.

**{¶6}** Benedict proceeded to a jury trial on April 26, 2021, wherein he was found guilty of all of the remaining charges. Thereafter, the trial court sentenced Benedict to two consecutive prison terms of 15 years to life plus 60 months.

---

[1] A *Frank's* hearing is a challenge to the validity of the affidavit that supports a search warrant. *See Franks v. Delaware*, 438 U.S. 154, 171-172, 98 S.Ct. 2674, 2684-2685 (1978).

{¶7} Benedict filed a timely notice of appeal and raises the following four assignments of error for our review.

### Assignment of Error No. I

**The trial court erred in denying Appellant's motion to sever Counts 1-5 from Counts 6-98 of the indictment for purposes of trial depriving him of his constitutional right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution. (9-5-19, 1-2-20, Judgment Entries).**

### Assignment of Error No. II

**Appellant's trial counsel was ineffective for failing to properly challenge the search warrants that issued which were based on affidavits that lacked probable cause and contained false information. (May 17, 2019, Motion to Suppress, State's Ex. J).**

### Assignment of Error No. III

**The trial court erred and denied Appellant his constitutional rights secured by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution to cross-examine an adverse witness on bias, prejudice, and motive to misrepresent the facts. (Tr. Vol. II, 4-27-21 at p. 460-461).**

### Assignment of Error No. IV

**The trial court failed to hold a pre-trial taint hearing resulting in the admission of unreliable testimony that was a product of suggestive interrogation, multiple interviews, prompting, and manipulation, in violation of Appellant's constitutional rights secured by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution. (10-23-19, 1-2-20, Judgment Entries).**

{¶8} We begin by addressing Benedict's first assignment of error, followed by his third assignment of error, then his fourth assignment of error, concluding with his second assignment of error.

**Assignment of Error No. I**

**The trial court erred in denying Appellant's motion to sever Counts 1-5 from Counts 6-98 of the indictment for purposes of trial depriving him of his constitutional right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution. (9-5-19, 1-2-20, Judgment Entries).**

{¶9} In his first assignment of error, Benedict argues that the trial court erred by denying his motion to sever the offenses in the indictment. Specifically, Benedict argues that the trial court should have ordered separate trials for the 2015 offenses (Counts 1-4) and 2018 offenses (Counts 6-12, 14-16, 21-36, 48-50, 54-69, 71-98).

*Standard of Review*

{¶10} "Issues of joinder and severance are generally reviewed under an abuse of discretion standard." *State v. Plott*, 3d Dist. Seneca No. 13-15-39, 2017-Ohio-38, ¶ 52. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). However, "[w]hether charges were misjoined in a single indictment in contravention of Crim.R. 8(A) is an issue of law that this court reviews de novo." *State v. Jeffries*, 1st Dist. Hamilton C-170182, 2018-Ohio-2160, ¶ 51, citing *State v. Kennedy*, 1st Dist. Hamilton C-120337, 2013-Ohio-4221, ¶ 24. "De novo review is independent,

without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

*Joinder of Offenses*

{¶11} "In general, the law favors joining multiple offenses in a single trial if the offenses charged 'are of the same or similar character.'" *State v. Valentine*, 5th Dist. Fairfield No. 18 CA 27, 2019-Ohio-2243, ¶ 43, quoting *State v. Lott*, 51 Ohio St.3d 160, 163 (1990), citing *State v. Torres*, 66 Ohio St.2d 340 (1981). "[T]wo or more offenses may be charged in the same indictment if they 'are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.'" *Id.*, quoting Crim.R. 8(A); *See also* R.C. 2941.04. "Where joinder is not appropriate under Crim.R. 8(A) because the offenses do not meet at least one of the four joinder requirements, the trial court should grant a motion to sever, even in the absence of prejudice." *Kennedy* at ¶ 24.

{¶12} Joinder "conserves resources by avoiding duplication inherent in multiple trials and minimizes the possibility of incongruous results that can occur in successive trials before different juries." *State v. Hamblin*, 37 Ohio St.3d 153, 158 (1988). Notwithstanding the public policy favoring joinder, Crim.R. 14 permits

a criminal defendant to request relief from prejudicial joinder (severance) in an indictment if that defendant establishes "he or she is prejudiced by joinder of multiple offenses." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 49.

> To prevail on a motion to sever, a defendant has the burden of demonstrating that '(1) his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial.'

*Plott*, 2017-Ohio-38, at ¶ 55, quoting *State v. Schaim*, 65 Ohio St.3d 51, 59 (1992). "A defendant's claim of prejudice is negated when: (1) evidence of the other crimes would have been admissible as 'other acts' evidence under Evid.R. 404(B) or (2) the evidence of each crime joined at trial is simple and direct." *State v. Ahmed*, 8th Dist. Cuyahoga No. 84220, 2005-Ohio-2999, ¶ 22, citing *Lott* at 163, *Schaim* at 59, and *State v. Franklin*, 62 Ohio St.3d 118, 122 (1991).

{¶13} Under the "other acts" test, the State is required to show that the other crimes, wrongs, or acts would be admissible for some other purpose other than a nonpermissible propensity purpose. "'Evid.R. 404(B) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."'" *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 56, quoting *State v. May*, 3d Dist. Logan No. 8-11-19, 2012-Ohio-5128, ¶ 69, quoting Evid.R. 404(B). "'However, there are exceptions to

the general rule: "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."'" *Bagley* at ¶ 56, quoting *May* at ¶ 69, quoting Evid.R. 404(B). *See also* R.C. 2945.59. "'The list of acceptable reasons for admitting testimony of prior bad acts into evidence is non-exhaustive.'" *Bagley* at ¶ 56, quoting *State v. Persohn*, 7th Dist. Columbiana No. 11 CO 37, 2012-Ohio-6091, ¶ 23.

{¶14} Under the "joinder" test, the State is simply required to show that evidence of each crime joined at trial is simple and direct. *Valentine*, 2019-Ohio-2243, at ¶ 47. "Evidence is 'simple and direct' if (1) the jury is capable of readily separating the proof required for each offense, (2) the evidence is unlikely to confuse jurors, (3) the evidence is straightforward, and (4) there is little danger that the jury would 'improperly consider testimony on one offense as corroborative of the other.'" (Citations omitted.) *Id.* at ¶ 48, quoting *State v. Wright*, 4th Dist. Jackson No. 16CA3, 2017-Ohio-8702, ¶ 52. Moreover, the Supreme Court of Ohio has unequivocally stated, "that 'when simple and direct evidence exists, an accused is not prejudiced by joinder regardless of the nonadmissibility of evidence of these crimes as 'other acts' under Evid.R. 404(B)." *Id.* at ¶ 47, quoting *Lott* at 163.

{¶15} "Courts have held that evidence of multiple offenses is 'simple and direct' where, for example, the offenses involved different victims, different incidents or factual scenarios, and different witnesses." *Id.* at ¶ 49, citing *State v.*

*Dantzler*, 10th Dist. Franklin Nos. 14AP-907 and 14AP-908, 2015-Ohio-3641, ¶ 23 and *State v. Lewis*, 6th Dist. Lucas Nos. L-09-1224 and L-09-1225, 2010-Ohio-4202, ¶ 33. "If either the 'other acts' test or the 'simple and direct' test is met, a defendant cannot establish prejudice from the joinder." *Id.* at ¶ 50. *See also Lott* at 163.

**{¶16}** On appeal, Benedict asserts that there are no grounds to join the offenses against him at trial under Crim.R. 8(A). Specifically, Benedict challenges whether his acts constituted a common scheme or plan. Therefore, we apply a de novo standard of review for this portion of his argument, as opposed to an abuse of discretion, which we discussed above.

**{¶17}** In our de novo review, we conclude that Benedict's offenses were not misjoined in contravention of Crim.R. 8(A). As we have noted previously, offenses may be joined in a single indictment if they are of the same or similar character, are based on the same act or transaction, are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct. The phrase "of the same or similar character" has been given a broad definition. *See Schaim*, 65 Ohio St.3d at fn. 6, 1992-Ohio-31 (rejecting Schaim's request for a narrow definition in a case involving charges of forcible rape, sexual imposition, and GSI against three different victims.) Importantly, the offenses "need only be similar in nature, 'not identical in

execution.'" *State v. Bennie*, 1st Dist. Hamilton No. C-020497, 2004-Ohio-1264, ¶ 17-18, quoting *State v. Echols*, 128 Ohio App.3d 677, 708 (1st Dist.1998) (Gorman, J., dissenting). *See also State v. Bass*, 10th Dist. Franklin No. 12AP-622, 2013-Ohio-4503, ¶ 9 (concluding that distinctions in the victims, locations, and times of the offenses "do not mean that the [] offenses [are] of dissimilar character"). Here, the record before us supports that all of Benedict's charges are of a same or similar character, i.e., sex offenses involving minor children. Hence, we need not reach a determination as to whether the offenses constitute parts of a common scheme or plan. Thus, this portion of Benedict's argument is without merit.

{¶18} Benedict next argues that the trial court erred in denying his motion to sever the 2015 offenses from the 2018 offenses under Crim.R. 14. In particular, Benedict argues that he is prejudiced by joinder due to the inflammatory nature of the digital-image-and-video content in the 2018 offenses. To this portion of Benedict's argument our standard of review is abuse of discretion, as opposed to de novo.

{¶19} Significantly, the evidence used by the State to establish the elements relating to the 2015 and 2018 offenses is simple and direct. Indeed, the crimes charged involved different minor victims, factual scenarios, and witnesses. Moreover, the factual scenario of each set of crimes is easily understood, straightforward, and capable of segregation. At trial, the 2015 and 2018 incidents

were presented in an orderly, chronological manner. Even though the crimes were investigated together by law enforcement *after* the discovery of the child-pornography offenses in 2018, there was very little overlap between the two incidents, other than, the use of the instrumentality itself, i.e., Benedict's Samsung computer tablet. *See State v. Echols*, 8th Dist. Cuyahoga No. 102504, 2015-Ohio-5138, ¶ 17. Hence, we conclude that the evidence presented as to the two sets of offenses was unlikely to confuse jurors or to be improperly considered as corroborative of each grouping of offenses.

{¶20} Moreover, even though Benedict argued (to the trial court) that he would have pursued different defenses with different witnesses had the charges been tried separately, the record supports that Benedict actually raised duplicative identity theories, bolstered by alibis, as to each grouping of offenses. *See State v. Franklin*, 62 Ohio St.3d 118, 123 (1991). Specifically–Benedict argued that someone else committed the offenses against M.P. and that someone else possessed the child pornography. To us, Benedict's assertion that he *may* have utilized two different expert witnesses to support his suggestibility assertions (for M.P.'s delayed disclosure of the 2015 offenses) and as to data extraction and interpretation (regarding the 2018 offenses) supports our conclusion that each set of offenses are easily understood and capable of segregation. Further, the need for expert-witness testimony as to [the various types of evidence] and [their] analysis does not

automatically preclude a simple-and-direct determination. *Echols* at ¶ 18. "[E]vidence, although scientific [or technological] in nature and presented through expert testimony, is simple in its application." *Id.* at ¶ 19.

{¶21} Since we have concluded that the evidence used to establish the elements of Benedict's offenses is simple and direct, we need not address the more stringent "other acts" test. *Franklin* at 123. *See also Lott* at 163. Consequently, Benedict cannot establish any prejudice regardless of the admissibility of evidence of other crimes, wrongs, or acts. *See Valentine*, 2019-Ohio-2243, at ¶ 50. *See also Lott* at 163.

{¶22} Finally and notwithstanding these determinations, the record reveals that the trial judge instructed the jury to consider each count, and the evidence applicable to each count, separately. *State v. Wilson*, 5th Dist. No. 16-CAA-08-0035, 2017-Ohio-5724, ¶ 53, quoting *State v. Freeland*, 4th Dist. Ross No. 12CA003352, 2015-Ohio-3410, ¶ 16. The record yields no indication that the jury disregarded the trial court's instruction, or demonstrated confusion concerning the offenses and evidence presented.

{¶23} Upon our review of the record, we conclude that the offenses were not misjoined in contravention of Crim.R. 8(A) as a matter of law. We further conclude that since the evidence of the 2015 and 2018 offenses is simple and direct Benedict

has not affirmatively demonstrated prejudice resulting from the joinder of these offenses for trial.

**{¶24}** Accordingly, Benedict's first assignment of error is overruled.

### Assignment of Error No. III

**The trial court erred and denied Appellant his constitutional rights secured by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution to cross-examine an adverse witness on bias, prejudice, and motive to misrepresent the facts. (Tr. Vol. II, 4-27-21 at p. 460-461).**

**{¶25}** In his third assignment of error, Benedict argues that the trial court erred by denying him the right to cross-examine Detective Robert Burkey (hereinafter "Det. Burkey") regarding M.P.'s mother, Kelli C.'s ("Kelli") bias at trial. Benedict argues that the trial court's ruling as to relevancy (restricting Det. Burkey from testifying about Benedict's relationship with Kelli) violated his right of cross-examination as to bias or motive to misrepresent under Evid.R. 616(A).

### *Standard of Review*

**{¶26}** Both the Supreme Courts of the United States and Ohio have held that the "'extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court.'" *State v. Green*, 66 Ohio St.3d 141, 147 (1993), quoting *Alford v. United States*, 282 U.S. 687, 691, 694, 51 S.Ct. 218, 219-220 (1931). "Thus, when the trial court determines that certain evidence will be * * * excluded from trial, it is well established that the order or ruling of the court

will not be reversed unless there has been a clear and prejudicial abuse of discretion." *O'Brien v. Angley*, 63 Ohio St.2d 159, 163 (1980). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Adams*, 62 Ohio St.2d at 157.

**{¶27}** The right of cross-examination includes the right to impeach a witness's credibility. *Green* at 147. Under Evid.R. 611(B), "[c]ross-examination shall be permitted on all *relevant* matters and matters affecting credibility." (Emphasis added.) Under Evid.R. 616(A), "[b]ias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." "However, the Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" (Emphasis sic.) *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 83, quoting *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 294 (1985). "Trial courts have 'wide latitude * * * to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 170, quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435 (1986).

**{¶28}** These principles are further reflected in Evid.R. 611(A), which provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

*Relevancy*

**{¶29}** Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Evidence which is not relevant is not admissible." Evid.R. 402.

*Analysis*

**{¶30}** At trial, the following exchange took place between Benedict's trial counsel, Det. Burkey, and the trial judge in open court:

| | |
|---|---|
| [Benedict's Trial Counsel] | Did you do any investigation into Kelli's relationship with Josh? |
| [Det. Burkey] | No. |
| [Benedict's Trial Counsel] | You're aware that the two of them had a romantic relationship? |
| [State of Ohio] | Objection, Your Honor, *relevance*. |

| | |
|---|---|
| [Benedict's Trial Counsel] | Judge, it goes to *bias and motive* as to why these folks made up this allegation. |
| [State of Ohio] | Your Honor, may I approach? |
| [Trial Court] | *I'm going to sustain that*, and the Jury is totally to disregard that, *that's totally improper* and that's my ruling. |
| [Benedict's Trial Counsel] | Okay, Judge, I apologize. |
| [Trial Court] | Okay. |
| [Benedict's Trial Counsel] | I do, I apologize. |

(Emphasis added.) (Apr. 28, 2021 Tr., Vol. III, at 460-461).

**{¶31}** Even though the trial court did not set forth its reasoning in sustaining the State's objection, it is evident that Det. Burkey's knowledge of a "romantic relationship" involving Kelli and Benedict had no probative value in making Benedict's alleged criminal acts of rape, GSI, and pandering obscenity involving M.P. (i.e., facts of consequence) "less probable that it would be without th[at] evidence." Evid.R. 401, 402.

**{¶32}** Importantly, and contrary to Benedict's objection at trial, Kelli testified as a witness for the State *prior to* Det. Burkey, and was never cross-examined regarding her possible "romantic relationship" with Benedict. Thus, Benedict failed to pursue the opportunity to impeach Kelli's credibility as to her bias or as to her motive to misrepresent under Evid.R. 616(A) during cross-

examination. Instead, Benedict's trial counsel sought to do so through Det. Burkey, which was improper under the facts presented. In other words, Benedict missed his opportunity to set forth any bias of Kelli may have had by virtue of a purported "romantic relationship".

{¶33} Therefore, we conclude that the trial court properly excluded evidence that was not relevant and that constituted improper-impeachment evidence. Consequently, we conclude the trial court did not abuse its discretion in its evidentiary determination, and Benedict suffered no denial of cross-examination.

{¶34} Therefore, Benedict's third assignment of error is overruled.

### Assignment of Error No. IV

**The trial court failed to hold a pre-trial taint hearing resulting in the admission of unreliable testimony that was a product of suggestive interrogation, multiple interviews, prompting, and manipulation, in violation of Appellant's constitutional rights secured by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution. (10-23-19, 1-2-20, Judgment Entries).**

{¶35} In his fourth assignment of error, Benedict asserts that the trial court erred by failing to hold a "pretrial-taint hearing" violating his constitutional rights under the Confrontation and Due Process Clauses arguably resulting in the admission of unreliable testimony. Specifically, Benedict avers that the repetitive suggestive questioning of M.P. by her mother and by Caseworker, Marla Hobson

Case No. 3-21-08

(at the behest of law enforcement) permitted Benedict to test the reliability of M.P.'s statements *in advance of trial* at a *pretrial hearing*.

*Standard of Review*

**{¶36}** "'A motion in limine is defined as "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent [a] predispositional effect on [the] jury."'" *State v. Wild*, 2d Dist. Clark No. 2009 CA 83, 2010-Ohio-4751, ¶ 27, quoting *State v. French*, 72 Ohio St.3d 446, 449 (1995), quoting Black's Law Dictionary 1014 (6th Ed.1990). "A ruling on a motion *in limine* reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling." (Emphasis sic.) *French* at 450. "The established rule in Ohio is that the grant or denial of a motion in limine is not a ruling on the evidence." *State v. Thompson*, 3d Dist. Union Nos. 14-04-34 and 14-04-35, 2005-Ohio-2053, ¶ 26, citing *State v. Grubb*, 28 Ohio St.3d 199, 200-201 (1986). "In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial." *Defiance v. Kretz,* 60 Ohio St.3d 1, 4 (1991). Accordingly, "[f]inality does not attach when [a motion in limine] is granted." *Id.*, citing *Grubb* at 201-202.

**{¶37}** In order to preserve for appeal any error in the trial court's resolution of a motion in limine, the objecting party must "seek the introduction of the evidence

-18-

by proffer or otherwise" at trial "to enable the court to make a final determination as to its admissibility." *Grubb* at paragraph two of the syllabus. *See State v. Brown*, 38 Ohio St.3d 305 (1988), paragraph three of the syllabus ("A denial of a motion *in limine* does not preserve error for review. A proper objection must be raised at trial to preserve error."). Then, "[a]n appellate court will * * * review the correctness of the trial court's ruling on the objection rather than the ruling on the motion in limine." *Wild* at ¶ 29, citing *State v. White*, 4th Dist. Gallia No. 95CA08, 1996 WL 614190, *3 (Oct. 21, 1996) and *Wray v. Herrell*, 4th Dist. Lawrence No. 93 CA 08, 1994 WL 64293, *3 (Feb. 24, 1994).

*Analysis*

**{¶38}** In our review of the record, we construe Benedict's pretrial-taint motion to be the functional equivalent of a motion in limine since Benedict sought a pretrial-admissibility determination by the trial court as to the reliability of M.P.'s testimony.[2] (*See* Doc. No. 50). Hence, given the nature of the such a motion is tentative, interlocutory, or precautionary, we review the record to determine if there was "'a contemporaneous objection at trial[]'"". *Bagley*, 2014-Ohio-1787, at ¶ 53, quoting *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 59, quoting *State v. Hill*, 75 Ohio St.3d 195, 203 (1996). Crucial to Benedict's argument under this

---

[2] Benedict specifically clarified (in the trial court) that he was challenging reliability and not credibility or competency. Important to this discussion, M.P. was 9 and 10 at the time of the offenses, 12 at the age of disclosure, and age 15 at the time of trial.

assignment of error is the fact that the defense did *not* object to *any* statements made by M.P.'s during her testimony. (Apr. 28, 2021 Tr. at 576-623). Therefore, our review of this assignment of error is limited to plain error. *See* Crim.R. 52(B).

**{¶39}** In this assignment of error, Benedict challenges the reliability of M.P.'s testimony (through his motion in limine) in advance of trial under a theory of the lack of personal knowledge pursuant to Evid.R. 602. (*See* Doc. No. 50). For this proposition, he cited *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139 (1990), *State v. Michaels*, 642 A.2d 1372 (N.J. 1994), and *State v. Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267.

**{¶40}** We recognize that no Ohio appellate court has followed *Michaels* or has independently determined that a pretrial-taint hearing is required if the potential exists that a minor child witness's testimony may have been subject to suggestibility. *See State v. Olah*, 9th Dist. Lorain No. 01CA007826, 2001-Ohio-1642, ¶ 18. Further, we distinguish *Wright* and *Muttart* on the basis that the issues before those courts involved questions related to the admissibility of hearsay evidence (at trial) as opposed to a victim's personal knowledge. In *Wright*, the issue was whether the *hearsay statements* of the child victim lacked the particularized guarantees of trustworthiness required for admission under the Confrontation Clause. *Wright*, 497 U.S. at 827. The questions before the Supreme Court of Ohio in *Muttart* was "whether a child's out-of-court statements to medical personnel

[were] admissible pursuant to Evid.R. 803(4) in the absence of a judicial determination of the competency of the child as a witness and whether the admission of those *hearsay statements* violated [an] appellant's Sixth Amendment rights of confrontation[.]" (Emphasis added.) *Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267, at ¶ 2. M.P. personally testified in court and, as such, the hearsay issues set forth in *Wright* and *Muttart* do not exist.

**{¶41}** Here, the issue before us on appeal is whether Benedict was entitled to test the reliability of M.P.'s testimony (in advance of trial) under a theory that she lacked personal knowledge of Benedict's actions due to suggestive questioning.[3] Evid.R. 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." ""Personal knowledge" is "knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said."" *State v. Teets*, 4th Dist. Picakaway No. 17CA21, 2018-Ohio-5019, ¶ 28, quoting *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 26 quoting Black's Law Dictionary 875 (7th Ed.Rev.1999). Thus, "'[t]he subject of a witness's testimony must have been

---

[3] To the extent that Benedict argues that the trial court's denial of his motion in limine violates the Confrontation Clause, his argument is specious. *See State v. Wickline*, 50 Ohio St.3d 114, 118 (1990) ("The Confrontation Clause is not a pretrial discovery device"); *State v. Ruggles*, 12th Dist. Warren Nos. CA2019-05-038, CA2019-05-044, CA2019-05-045, and CA2019-05-46, 2020-Ohio-2886, ¶ 19.

perceived through one or more of the senses of the witness,'" and "'a witness is "incompetent" to testify to any fact "'unless he or she possesses firsthand knowledge of that fact.'" *Id.*, quoting Weissenberger's Ohio Evidence Treatise, Section 602.1, 213 (2002).

**{¶42}** Benedict argues what purports to be a question of witness reliability relative to M.P.'s perception, which he asserts was subjected to suggestive questioning. However, we conclude that Benedict is really attacking M.P.'s credibility. At trial, M.P. personally testified and was subject to a vigorous cross-examination by Benedict's trial counsel as to her recollection of the events involving her and Benedict. Thus, it was for the jury to decide whether M.P. was credible or not capable of belief. Put more plainly–the jury was in the best position to determine whether or not M.P. was credible.

**{¶43}** Accordingly, Benedict's fourth assignment of error is overruled.

### Assignment of Error No. II

**Appellant's trial counsel was ineffective for failing to properly challenge the search warrants that issued which were based on affidavits that lacked probable cause and contained false information. (May 17, 2019, Motion to Suppress, State's Ex. J).**

**{¶44}** In his second assignment of error, Benedict argues that his trial counsel was deficient in his performance by failing to "properly" challenge the search warrants related to the Hosford Road Residence and curtilage and the subsequent search of the Samsung tablet found in Benedict's camper within that

curtilage. Specifically, Benedict asserts that trial counsel failed to argue that the affidavits supporting the search warrants lacked probable cause and contained false information.

*Standard of Review*

**{¶45}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 156 (1988). Therefore, in order to show trial counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-42 (1989), quoting *State v. Lytle*, 48 Ohio

St.2d 391, 396 (1976), *vacated in part on other grounds*, *Lytle v. Ohio*, 438 U.S. 910, 98 S.Ct. 3135 (1978).

**{¶46}** "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 3d Dist. Allen No. 1-13-04, 2014-Ohio-259, ¶ 48, quoting *Bradley* at 142, citing *Strickland* at 691. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

*Analysis*

**{¶47}** On appeal, Benedict presents three assertions that support his contention that his trial counsel's performance was deficient or unreasonable. We will address Benedict's first and third assertions first since both arguments involve a challenge to the facial validity of the probable-cause affidavit.

**{¶48}** In his first and third assertions, Benedict argues that his trial counsel performance was deficient by failing to assert that the probable-cause affidavit was facially defective. In his first assertion, Benedict argues that the affidavit did not establish probable cause to search and seize any electronic devices (and its contents) at the Hosford Road address since the affidavit did not include a time frame when the digital image (of M.P.'s vagina) was taken. Benedict argues in his third assertion that the probable-cause affidavit did not include information regarding the affiant's

qualifications or experience relating to child-pornography investigations or experience with child pornographers as a class of offenders.

**{¶49}** Importantly, the probable-cause affidavit did identify a time frame when the digital image of M.P. was taken of "one to three years" prior to her 2018 disclosure of Benedict's sexual abuse. Consequently, this assertion is without merit.

**{¶50}** Next, we turn to his argument regarding the affiant's qualifications or experience. Pointedly, no such requirement to include the affiant's qualifications or experience relating to child-pornography investigations nor experience with child pornographers as a class of offenders *exists* under the Fourth Amendment to the United States Constitution, Article I, Section 14 of the Ohio Constitution, the Ohio Rules of Criminal Procedure, or the Ohio Revised Code. *See* Crim.R. 41(C); R.C. 2933.23. Typically, this argument is raised in conjunction with a claim of *staleness* since some courts have underscored the importance of expert opinions in the probable-cause affidavit to establish that child-pornography collector's tend to retain their collections in secure, private places for extended periods of time. *See State v. Ingold*, 10th Dist. Franklin No. 07AP-648, 2008 WL 2026441, ¶ 25. However, staleness was never raised in the trial court or on appeal. Thus, this assertion lacks merit.

**{¶51}** Because we determined that trial counsel's performance was not deficient or unreasonable regarding his first and third assertions under the facts of this case, Benedict cannot establish that he has suffered any prejudice.

**{¶52}** Finally, we address Benedict's second assertion. Here, he argues that trial counsel was deficient by failing to argue the facially valid search-warrant affidavit contained false statements regarding the location where the digital image of M.P.'s genitalia was taken. Instead, trial counsel argued the omission of the affiant regarding the purported suggestive questioning of M.P. and M.P.'s "unreliable" description of the device.

**{¶53}** Regardless of where the picture of M.P.'s vagina was taken, the search-warrant affidavit stated sufficient facts to identify what places law enforcement could search and what items they should seize. To us, the location of *where* the digital image of M.P. was taken is not relevant to the fact that Benedict had taken an image of M.P.'s genitalia, and that image could be found on his tablet. Thus, Benedict cannot affirmatively establish prejudice. Consequently, we conclude that Benedict has not demonstrated that he received ineffective assistance of counsel.

**{¶54}** Accordingly, and for the reasons set forth above, Benedict's second assignment of error is overruled.

{¶55} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**